*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    519108
_____

In the Matter of NEW YORK
    STATE CORRECTIONAL OFFICERS
    AND POLICE BENEVOLENT
    ASSOCIATION, INC., et al.,
                    Appellants,
         v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Respondents.
_____

Calendar Date:  January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                    _____

        Sheehan, Greene, Golderman & Jacques, Albany (Thien-Nga
Nguyen-Clark of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for respondents.

                    _____

Devine, J.

        Appeal from a judgment of the Supreme Court (Mott, J.),
entered July 30, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondents denying
petitioner Gina Maliga's request to restore sick leave accruals.

        Petitioner Gina Maliga, an employee of respondent
Department of Corrections and Community Supervision (hereinafter
DOCCS) and member of petitioner New York State Correctional

Officers and Police Benevolent Association, Inc., took approved medical leave on November 3, 2012 and November 4, 2012. When Maliga notified DOCCS that she was not returning to work on November 5, 2012 because her treating physician prevented her from doing so, Maliga's supervisor informed her that she needed to provide a note from her physician explaining her absence before she could return to work. After Maliga submitted a note from her doctor stating that she was fit to return to work as of November 8, 2012, DOCCS required her to undergo an Employee Health Services (hereinafter EHS) examination before she could resume active duty. On December 10, 2012, EHS deemed Maliga fit to return to work, which she did on December 12, 2012. When DOCCS denied Maliga's request for the restoration of 22 days of sick leave credits that were used while she awaited EHS clearance to return to work, petitioners commenced this proceeding. Supreme Court dismissed the petition and this appeal ensued.

Petitioners argue that Supreme Court erred in determining that respondents were not in violation of Civil Service Law § 72 (5) in their refusal to reinstate Maliga's accruals upon EHS's finding that she was fit to resume her job duties. We agree with the court's determination that petitioners' reliance on that statute fails to afford them any relief.

Civil Service Law § 72 provides, in pertinent part, that if an appointing authority has probable cause to believe that an employee's presence at work poses a risk of danger to people or property, or would otherwise materially disrupt work operations, it can elect to immediately place such employee on an involuntary leave of absence. In the event that the employee is ultimately deemed fit to resume employment, the employee must be returned to his or her position and any leave credits lost as a result of placement on involuntary leave must be restored (see Civil Service Law § 72 [5]). Here, nothing in the record suggests that Maliga was placed on involuntary leave and, in fact, the evidence shows that respondents exercised their right — under 4 NYCRR 21.3 (e) and article 14 of the parties' collective bargaining agreement — to subject Maliga to an EHS assessment to ensure that she could properly perform her job responsibilities. Those regulatory and collective bargaining agreement provisions allowed respondents to require Maliga, following a medical absence, to be

examined by respondents' designated physician in order to ensure that she was capable of performing her work duties before being permitted to resume her employment.

Nor are we convinced that the Court of Appeals' decision in Matter of Sheeran v New York State Dept. of Transp. (18 NY3d 61 [2011]) requires a different result.  Unlike the petitioners in Matter of Sheeran, who were found unfit to return to work following an EHS examination and thereafter placed on an involuntary leave of absence (id. at 63), Maliga was given EHS approval to return to her job and was never placed on involuntary leave.  We find unavailing petitioners' assertion that DOCCS's refusal to allow Maliga to return to work for weeks after her personal physician indicated that she was fit to do so constituted a de facto involuntary leave.  That respondents' reliance on a bargained-for employee leave provision significantly affected Maliga's time accruals does not render such determination arbitrary and capricious (see CPLR 7803 [3]; Matter of Hudson Val. Community Coll. [Hudson Val. Community Coll. Faculty Assn.], 121 AD3d 1385, 1387 [2014]).  Having found that Supreme Court properly dismissed the petition, respondents' alternate argument for an affirmance has become academic.

Lahtinen, J.P., Garry and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court